**FILED**
**Apr 18, 2023**
**02:00 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **John Dickerson Holt, III,** | ) | **Docket No. 2020-01-0787** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Quality Floor Coverings, LLC,** | ) | **State File No. 108369-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **Midsouth Mutual Insurance Company,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

## COMPENSATION ORDER

Mr. Holt requested increased benefits after a settlement on his original award of permanent disability benefits. Quality Floor denied his entitlement to them because of his incarceration when the initial compensation period expired. For the reasons below, the Court holds Mr. Holt is not entitled to increased benefits.

### History of Claim

In September 2019, Brett Marter, the owner of Quality Floor, hired Mr. Holt as a subcontractor to perform a project at a nursing home.[1] Mr. Holt stated he called Mr. Marter anytime he wanted to work for Quality Floor. A month after his hire, Mr. Holt injured his right index finger while installing floor coverings.

Mr. Holt never returned to work for Quality Floor after his injury. He stated that while he was under restrictions, he and the adjuster contacted Mr. Marter about returning, but Mr. Marter said he did not have light-duty work available. He admitted he never contacted Mr. Marter after his release to unrestricted full duty in August 2020.

Mr. Marter testified Quality Floor completed the nursing home project a few months after Mr. Holt's injury. He did not recall either Mr. Holt or the claims adjuster contacting

---

[1] Quality Floor addressed Mr. Holt's employment status regarding the parties' expectations about the frequency of work opportunities. However, it did not dispute his entitlement to increased benefits based on his subcontractor status.

1

him about providing light-duty work. Mr. Marter confirmed he only hired Mr. Holt to perform the nursing home project. However, if Mr. Holt had requested work after his injury, he would have hired him had suitable work been available. Both Mr. Holt and Mr. Marter testified that working in the construction industry is dependent on work availability.

In November 2020, Judge Thomas Wyatt approved a Workers' Compensation Settlement Agreement between Mr. Holt and Quality Floor. Mr. Holt received $18,920.88 as his original award. Mr. Holt stated Judge Wyatt told him his initial compensation period expired on July 26, 2021, and he would receive $11,000 in increased benefits if he made less than his pre-injury wage of $16.00 per hour on that date.

Mr. Holt testified that he performed various jobs after his release to full duty in August 2020. He initially worked day-labor jobs. In October 2020, Mr. Holt briefly worked at a car detailing shop and in January 2021, he worked one week at a grocery store. On cross-examination, Mr. Holt admitted he intentionally earned less than $16.00 per hour after the November 2020 settlement approval. From January 2021 through April 2021, he did not work anywhere.

In April 2021, Mr. Holt was convicted of a felony and incarcerated from May through November 2021. Mr. Holt testified he was not receiving any income on July 26, 2021.

Quality Floor moved for a directed verdict at the close of Mr. Holt's proof. However, a motion for involuntary dismissal is rarely appropriate in a workers' compensation case because a reversal of the trial court's ruling results in additional proceedings and undue delay. *See Cunningham v. Shelton Sec. Serv.*, 46 S.W.3d 131, 137-38 (Tenn. 2001).

## Findings of Fact and Conclusions of Law

At a Compensation Hearing, Mr. Holt must prove by a preponderance of the evidence that he is entitled to increased benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2022). For increased benefits, Tennessee Code Annotated section 50-6-207(3)(B) states that if, at the end of the initial period of compensation, the employee has not returned to work for any employer at an equal or greater rate of pay as before the injury, the employee qualifies for an increased benefit "if appropriate."

The Appeals Board addressed the significance of the phrase "if appropriate" in *Wright v. Tennessee CVS Pharmacy, LLC,* 2019 TN Wrk. Comp. App. Bd. LEXIS 72, at *11 (Oct. 31, 2019). It concluded that the Legislature "expressed its intent that a trial court consider all relevant factors, including the circumstances of an injured worker's ability and/or willingness to return to work in his or her disabled state and the reasonableness of the employer in attempting to return the injured employee to work." In an earlier appeal

of this case, the Appeals Board stated, "an employee's incarceration is but one fact to consider in a trial court's assessment of the appropriateness of awarding increased benefits." *Holt v. Quality Floor Coverings, LLC,* 2022 TN Wrk. Comp. App. Bd. LEXIS 43, at *12 (Dec. 14, 2022).

Here, the Court holds Mr. Holt is not entitled to increased benefits because his employment status on July 26, 2021, was due to his unilateral actions unrelated to the work injury. He never called Quality Floor to seek work as a subcontractor once he was released without restrictions. He also testified that he deliberately worked at jobs that paid him less than his pre-injury wage of $16.00 per hour because he wanted to receive the increased benefits. Finally, Mr. Holt's incarceration from May 2021 to November 2021 prevented him from working for *any* employer on July 26, 2021.

The Court finds the reasons Mr. Holt earned less than his pre-injury wage and/or was not working on July 26, 2021, are his incarceration and a deliberate, unjustified lack of effort to find employment that might disqualify him from increased benefits. Mr. Holt's actions preclude any award of increased benefits. He has not shown entitlement to them by a preponderance of the evidence.

*Alternative Findings*

Should an appellate court find error in its holding, the Court makes the following alternative findings for judicial economy. *See Cunningham,* at 137-138 ("The trial court should . . . hear the entire case and make appropriate findings of fact, and alternative findings when necessary, for appellate review.").

The parties stipulated to the following:

- The parties settled the original award of $18,920.88.
- The initial compensation period expired on July 26, 2021.
- Mr. Holt filed a Petition for Benefit Determination on November 23, 2021, requesting increased benefits. The Court takes judicial notice that the petition reflects Mr. Holt is over forty years old.

Based on those facts, Mr. Holt would be entitled to the multipliers of 1.35 for not returning to work and 1.2 because he is over forty years old. After applying the credit for the original award, Mr. Holt would be entitled to increased benefits totaling $11,730.95 if the Court found his request for those benefits was supported by the evidence.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Holt's claim for increased benefits, and the claim is dismissed with prejudice.

3

2. Quality Floor shall pay the $150.00 filing fee to the Clerk within five business days under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (February, 2022).

3. Quality Floor shall file form SD-2 with the Clerk within ten business days of this order becoming final.

4. Unless appealed, this order shall become final in thirty days.

**ENTERED April 18, 2023.**

*Audrey Headrick*

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:

1. Pre-Compensation Hearing Statement

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Hearing
4. Motion to Deem Requests Admitted
5. Order Denying Motion to Deem Requests Admitted
6. Workers' Compensation Appeals Board Opinion
7. Motion to Withdraw Admissions
8. Response to Employee's Motion to Withdraw Admissions
9. Order Partially Granting Motion to Withdraw Admissions
10. Scheduling Order
11. Motion for Summary Judgment
12. Memorandum of Law in Support of Motion for Summary Judgment
13. Statement of Undisputed Facts Submitted in Support of Motion for Summary Judgment
14. Mr. Holt's Rule 72 Declaration
15. Order Denying Motion for Summary Judgment
16. Workers' Compensation Appeals Board Opinion
17. Amended Scheduling Order
18. Employer's Witness and Exhibit List
19. Joint Pre-Compensation Hearing Statement
20. Employer's Trial Brief

## CERTIFICATE OF SERVICE

I certify that a copy of this Compensation Order was sent as indicated on April 18, 2023.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| John D. Holt, III, Employee | | X | johnholt3rd30@gmail.com<br>6332 Hansley Drive<br>Chattanooga, TN 37416 |
| Catheryne L. Grant<br>Taylor R. Pruitt,<br>Employer's Attorneys | | X<br>X | catherynelgrant@feeneymurray.com<br>trp@feeneymurray.com |

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov

w/ permission

For notices of appeal filed on or after July 1, 2022.



Compensation Order Right to Appeal:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*

If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on _____    ☐ Other Order filed on _____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a
true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described
in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this
case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
220 French Landing Drive, I-B
Nashville, TN 37243-1002
800-332-2667

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $_____ per month | beginning | _____ |
| SSI | $_____ per month | beginning | _____ |
| Retirement | $_____ per month | beginning | _____ |
| Disability | $_____ per month | beginning | _____ |
| Unemployment | $_____ per month | beginning | _____ |
| Worker's Comp. | $_____ per month | beginning | _____ |
| Other | $_____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                        RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries        $ _____ per month    Telephone       $ _____ per month
Electricity      $ _____ per month    School Supplies $ _____ per month
Water            $ _____ per month    Clothing        $ _____ per month
Gas              $ _____ per month    Child Care      $ _____ per month
Transportation   $ _____ per month    Child Support   $ _____ per month
Car              $ _____ per month
Other            $ _____ per month (describe: _____)

10. Assets:

Automobile             $ _____        (FMV) _____
Checking/Savings Acct. $ _____
House                  $ _____        (FMV) _____
Other                  $ _____        Describe: _____

11. My debts are:

Amount Owed                    To Whom
_____            _____
_____            _____
_____            _____
_____            _____

I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                    RDA 11082